IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dimitriy Adam Naglyuk, | ) | C/A No.: 1:25-14036-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND |
| Greenville County Detention | ) | RECOMMENDATION |
| Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Dimitriy Adam Naglyuk ("Plaintiff"), proceeding pro se, filed this complaint against Greenville County Detention Center ("GCDC" or "Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be dismissed.

I.     Factual and Procedural Background

Plaintiff states he is bringing a claim for a violation of the Prison Rape Elimination Act, 34 U.S.C. § 30301, et seq. ("PREA"). [ECF No. 1 at 3]. Plaintiff alleges he reported that a fellow inmate ("Inmate") had sexually harassed him and Inmate was investigated. *Id.* at 4. He alleges Inmate was subsequently placed back in Plaintiff's cell and later sexually assaulted him by touching his

buttocks in the bathroom. *Id.* Plaintiff seeks $100,000 in damages for psychological trauma.

On January 12, 2026, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his complaint and permitting him until February 6, 2026, to file an amended complaint. [ECF Nos. 7, 8]. Plaintiff has filed no responses.

II.     Discussion

A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.     Analysis

1.     PREA

For more than a decade, courts have held that there is no private cause of action under § 1983 to enforce a PREA violation. *See, e.g., Chapman v. Willis*, No. 7:12-cv-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013). Unless the text and structure of a statute indicate congressional intent to create a new private right of action, the statute cannot be the basis for a private suit under either an implied right of action or § 1983. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for failure to comply with the Act's provisions. *See Chapman*, 2013 WL 2322947 at *4. Thus, any PREA claims are subject to summary dismissal.

2.     GCDC is Not a Person Under § 1983

It is well-settled that only persons may act under color of law; therefore, a defendant in a § 1983 action must qualify as a person. See 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to

4

establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, to the extent Plaintiff intended to bring a claim under § 1983, he names GCDC as the sole defendant. Because a detention center is not a person, GCDC is subject to summary dismissal.

III.    Conclusion and Recommendation

For the following reasons, the undersigned recommends this matter be dismissed without leave for further amendment.

IT IS SO RECOMMENDED.

March 2, 2026                                    Shiva V. Hodges
Columbia, South Carolina          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

6