**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| Dimitriy Adam Naglyuk, | Case No. 1:25-14036-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Greenville County Detention Center, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 11) recommending that this action be dismissed without prejudice and without leave to amend. For the reasons stated below, the Court adopts the R&R as the order of the court and dismisses this action without prejudice and without leave to amend.

## I.     Background

Plaintiff brings this action for a violation of the Prison Rape Elimination Act. (Dkt. No. 11 at 1) (alleging fellow inmate harassed Plaintiff by touching his buttocks in the bathroom). Plaintiff seeks $100,000 damages. (*Id.* at 2).

On January 12, 2026, the Court issued orders directing Plaintiff to bring his case into proper form and advising Plaintiff of the deficiencies in his complaint and permitting him until February 6, 2026 to file an amended complaint. (*Id.*). Plaintiff did not respond to either order.

The Magistrate Judge then filed an R&R recommending that this action be dismissed without prejudice and without leave to amend. (Dkt. No. 11).

Plaintiff did not file a response to the R&R.

1

## II.     Legal Standards

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## III.     Discussion

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this action should be dismissed. (Dkt. No. 11 at 4-5) (explaining PREA does not contain a private cause of action and that defendant Greenville County Detention Center is not a "person" under § 1983).

**Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 11) as the Order

of the Court and **DISMISSES** this action without prejudice and without leave to amend.

**AND IT IS SO ORDERED.**

                  s/ Richard Mark Gergel

                  Richard Mark Gergel
                  United States District Judge

March 23, 2026
Charleston, South Carolina